# LAI SAY *v.* KAAAHU.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED APRIL 2, 1896.                    DECIDED MAY 6, 1896.

JUDD, C.J., FREAR, J., AND CIRCUIT JUDGE PERRY, IN PLACE OF
WHITING, J., DISQUALIFIED.

(1) Where in an action for breach of a covenant of warranty the pur-
chase money is sued for, interest may be recovered of the cov-
enantor for the time for which mesne profits can be recovered of
the covenantee.

It not appearing from the record whether or not the covenantee is
liable to the true owner for mesne profits, whereas the trial court
found that the covenantee was not entitled to interest, the court.
ordered a new trial.

(2) A special covenant was in a conveyance of real estate in the Ha-
waiian language, translated as follows: "By this sale of mine, if·
at any time in the future any dispute should arise about this land
it will be upon me, my successors and heirs to settle (hoopono-
pono) such dispute, if any case should be brought in any court.
of the Hawaiian Islands."

Held, that in intent and effect it was a covenant of warranty.

(3) Money in the hands of the clerk of the court, the proceeds of a
sale of real estate in a partition suit, still subject to judicial act-
ion, and not ordered to be paid over to the principal defendant, is
not subject to garnishment.

OPINION OF THE COURT BY JUDD, C.J.

This is an action of covenant for damages for breach of a
special covenant in a deed of conveyance of land in the Ha-

waiian language claimed by plaintiff to be "in effect a covenant
to compensate the plaintiff for any loss resulting to him from
litigation concerning said title." The defendant made no answer
and was defaulted, and on *ex parte* proofs by plaintiff and cross-
examination by defendant's counsel, the circuit judge, jury
being waived, awarded damages for the amount of the purchase
money, *without interest*, and attorney's fees and costs in de-
fending a suit in equity whereby the plaintiff while in possession
of the land was evicted from the possession and enjoyment of the
premises. The plaintiff brings his bill of exceptions solely
against the disallowance of interest on his purchase money from
the date of its payment, the premises having been in his pos-
session meanwhile, which were shown to have been worth
seventy dollars a year. We find ourselves embarrassed by the
fact that no defense was made by defendant. The question
whether the true measure of damages upon such covenant is
the value of the land at the time of the eviction, or the value of
the land at the time of the conveyance (the purchase money)
does not arise in this case, because the plaintiff has elected to
bring suit for the purchase money, and the defendant has not
excepted to the evidence sustaining plaintiff's case. Authorities
are greatly divided on this question, and we express no opinion
as to which rule should be adopted in this country.

The general doctrine in respect to interest is expressed in
Field on Damages, Sec. 466, as follows: "Where the grantee
has enjoyed the possession of the premises and is not liable to
account for the mesne profits, interest is not allowed, otherwise
it is."

The view of this question is held in New Hampshire as fol-
lows: "The profits of the land may be more or less than the
interest on the money, and the real owner may or not demand
the mesne profits. And, on account of these uncertainties, it is
impossible to establish a rule that would operate with perfect
equity in all cases. But the rule which is most reasonable, and
which will generally work the least injustice, seems to be

founded upon the presumption that the profits and interest are equal, and that mesne profits will be recovered by the owner."

*Foster v. Thompson,* 41 N. H., 373.

We approve of this view. Of course, if there are facts in the case to show that the owner cannot recover mesne profits, the withholding of interest will be justified.

The plaintiff's bill of exceptions contains as exhibits the declaration, copy of the conveyance of Kaaahu to Lai Say dated the 1st June, 1885, and no transcript of the evidence, the circuit judge certifying that the bill contains all the pleadings, exhibits and testimony necessary for the proper consideration of this case. The judge's decision containing his findings of fact is not made a part of the bill.

The defendant in his bill of exceptions, however, sent up the judge's decision as a part of the bill, and we were asked to consider it as finding certain facts necessary to defendant's case on the plaintiff's bill. This was resisted on the ground that each bill of exceptions must be complete in itself and must stand or fall upon the papers either incorporated in it or made so by proper reference. We think this is the proper view to take, and are therefore limited to the statement of evidence in the plaintiff's bill, when considering his exceptions.

That part of the evidence in plaintiff's bill which bears upon the question whether he can recover interest on the purchase money is as follows: "The evidence in the case showed, and this court found, that the defendant's covenant had been broken, the plaintiff having been evicted under a decree made against the defendant and the plaintiff and others in a certain suit in equity brought by one Nahaolelua and her husband, the premises having been sold under said decree by the master, and the sale confirmed by order of court dated 10th July, A. D. 1895. The court gave judgment for the plaintiff in the sum of $135.00 for counsel fees paid by him in defending said suit in equity, and in the further sum of $350.00, the purchase money paid by

the plaintiff June 1, 1885, for said land, but declined the plaintiff's request to allow interest on the said purchase money, the plaintiff having been in possession of the premises, which were worth $70.00 a year since that date, to which said ruling declining to allow interest the plaintiff excepted, and his exception was allowed." As above stated, the question whether the covenantee is entitled to interest on the purchase money depends upon whether he is liable for mesne profits, but we have not before us any evidence either as to whether he has been obliged to pay mesne profits, or whether he could be made liable to pay them. We find the law to be that the presumption is that he will be held liable for mesne profits, but this can be rebutted by showing circumstances that would defeat his action. For instance, in this case if Nahaolelua was a tenant in common with Lai Say, and he had not been ousted, he could not maintain his action for mesne profits against his co-tenant.

The facts sent up show that Lai Say entered into possession of the premises conveyed to him by Kaaahu, June 1, 1885, and that he continued in the possession thereof till he was evicted by decree of the equity court in 1895, and that this possession was worth $70.00 a year. But he could not recover more interest than for six years prior to his eviction. And Nahaolelua could recover mesne profits, if at all, only from the date of his ouster, if he could show an ouster; Lai Say could not recover interest from Kaaahu for any longer period than is covered by the time for which he is liable to Nahaolelua for mesne profits. This can only be for the time during which Nahaolelua was ousted, if not over six years, the allowance of interest being to compensate him, Lai Say, for whatever mesne profits he may be obliged to pay to Nahaolelua.

We have no evidence at all upon this question, and this must be presumed on this bill of exceptions to be true of the trial court also.

Finding no evidence in this record upon which the trial court could have founded his judgment that interest was not allowable, which evidence would be essential to such a determination, the

judgment is erroneous in this respect, and a new trial will be ordered, unless the plaintiff shall remit his claim for interest.

The defendant also brought exceptions and avers (1) that the covenant in question is not a warranty, and (2) that the funds in the hands of Henry Smith, Clerk of the Judiciary Department, arising from the sale of the estate in partition, are not liable to garnishment.

The words of the covenant are translated as follows: And "by this sale of mine if at any time in the future any dispute should arise about this land it will be upon me, my successors and heirs to settle such dispute, if any case should be brought in any court of the Hawaiian Islands."

To settle a dispute arising about this land resulting in a lawsuit would mean to settle a lawsuit. And to settle a lawsuit which resulted in the covenantee losing his land would mean to recompense him for his loss. Though not drawn in the usual language of a warranty in the English language, owing to the poverty of the Hawaiian language, it having no word for warrant or warranty, we consider the covenant to be such in effect and intent.

As to the legality of garnishment. The general rule is thus laid down in 8 Am. & Eng. Ency. of Law, page 1137: "An official whose duties are prescribed and regulated by law cannot be garnisheed in respect to property held by him in his official capacity unless expressly authorized by statute. His possession in such case is merely as the agent of the law, and to interfere with his possession is to interfere with the jurisdiction of the court whose officer he is. A court having custody of money or property under the law holds it for some purpose of which that court is the exclusive judge, and to permit the garnishment of its officer, to which its actual custody has been entrusted, might defeat the purpose for which it is held, and, in many cases, enable some other court to dispose of the property, and wholly divert it from the end or purpose for which possession had been taken." General words in garnishment statutes are not to be construed as including such officers. When the relation of the officer is changed

so that his official obligation becomes a personal liability he may be summoned in his individual capacity.

*Id.*, and cases cited.

Our statute does not include such officers and make them liable as other persons. In Drake on Attachment, 6th ed., Sec. 509 and 509a, the author says that "if the money held by the clerk, trustee, receiver or other agent of a court has been so fixed as to entitle the defendant to receive it without further judicial action, the trustee, receiver or agent may be charged as garnishee in respect thereof," and "whatever doubt may exist in any case as to charging a receiver, trustee or other agent of a court, before the court has ordered him to pay over the money to the attachment defendant, there is no doubt that it may be done after such an order has been made," citing *Weaver v. Davis*, 47 Ill. 235.

In our case no decree has been made in the equity court ordering any funds to be paid to Kaaahu. Counsel for plaintiff cites Sec. 12 of the garnishment Act (Comp. Laws, 284), which prescribes that when it is disclosed that the garnishee owes a debt due at some future time, "then such judgment as the plaintiff may recover shall constitute a lien upon such debt, until and at the time it shall fall due and payable."

But this is not the state of the fund in question. Until the order is made by the equity court, the fund is subject to its future judicial action, and is not subject to the garnishment of the law court, irrespective of the question whether due now or at some future time.

We think the order holding that "such funds as may be available by final order of the court having jurisdiction over the funds be applied for the benefit of the plaintiff," is erroneous.

Defendant's exception on this point is sustained and the garnishee is discharged.

Each party is to pay his own costs.

*A. S. Hartwell*, for plaintiff.

*A. G. M. Robertson*, for defendant.